Good morning, and may it please the Court. Anna Rose Matheson on behalf of Appellant Darlene Tomel. I will address any questions the Court has about jurisdiction at the outset, then turn it over to my colleague, Daniel Tully, a third-year student at UCLA Law School, to address all the merits arguments. The State concedes jurisdiction was proper in this case. While that concession is not as positive, of course, it's a good indication there is really no debate about jurisdiction here. Under clear and well-established circuit precedent, beginning with Anderson v. All States, jurisdiction before this Court became proper once the district court entered its final judgment dismissing all claims on October 3, 2012. As this Court and the Supreme Court have both stressed, finality should be given a practical rather than a technical construction. The rule in Anderson preserves the principle that appeals should only be from final judgments, prevents any piecemeal appeals, and allows appellants like Ms. Tomel to have her day before this Court. If the Court has any questions about jurisdiction, I'm happy to address them. Otherwise, I think the issue is clear enough. We'll rest on our brief. Thank you. Thank you. Good morning, Mr. Tully. Good morning, Your Honor. May it please the Court. My name is Dan Tully, and I'm a third-year law student at the UCLA School of Law. Because the case is now final and has been disposed of in its entirety at the district court, this Court is reviewing the district court's screening order of Ms. Tomel's second amended complaint. In that order, the district court failed to even consider three of Ms. Tomel's claims. In that order, it dismissed for failure to state a claim. When liberally construing Ms. Tomel's claims as those of a pro se litigant, Ms. Tomel has sufficiently pled her claims, and therefore we respectfully request that this Court vacate the district court's dismissal and remand that Ms. Tomel may proceed on her well-pled claims. I'd like to first turn to the retaliation claim that Ms. Tomel raised in her second amended complaint against ACO Taka. And that was raised, as I understand the record here, for the first time in that second amended complaint. Yes, Your Honor. It was raised for the first time in the second amended complaint. And it's important to note that the district court failed to even consider the retaliation claim in its dismissal order of the second amended complaint. So let's assume the district judge was wrong in tossing out the retaliation claim against, was it Officer Taka? Is that right? Yes, Your Honor. You've got the second amended complaint containing that claim, but the second amended complaint doesn't allege anything about Dr. Morrison. If I remember this correctly. Respectfully, Your Honor, the second amended complaint actually does. The district court in its order noted, this is at page 17 of the excerpt of record, it's the footnote at the bottom of that page, that Ms. Tomel had waived her claim against Dr. Morrison. However, on page 97 of the excerpt of record, which is the second amended complaint, Ms. Tomel includes an allegation against Dr. Morrison. It labels the defendant as Dr. Glenn Morrison. It is captioned as a medical care claim. And Ms. Tomel includes allegations that from in 2009 and 2011, Dr. Glenn Morrison discriminated against me as a U.S. veteran and refused to provide me with medical care. These are the same essential factual allegations that Ms. Tomel raised earlier in the first amended complaint that the district court had found sufficiently stated a claim. I'm on page 97. That is to say, I'm on the Dr. Morrison allegations in the second amended complaint. Yes, Your Honor. Can you point me to the language in the first amended complaint that the district court held sufficient to state a claim? Because you're saying that they're essentially the same, so I'd like to see them side by side. Yes, Your Honor. That would be on page 122 of the excerpt of record. Ms. Tomel in here includes allegations that in 2011, as Your Honor can see, Dr. Morrison refused to provide her with the medical care that she was seeking when she was brought to Dr. Morrison for the medical care. Now, there's more detail in the first amended complaint. Considerably, yes, there is some more factual detail in Ms. Tomel's allegations in the first amended complaint. It's possible that if we were to apply Iqbal, Twombly, and that line of cases to the second amended complaint, it might not pass muster. Are you making an argument that somehow the district judge should have taken the detail of the allegation of the first amended complaint and sort of transferred it into the second? We believe that, as an initial point, that is a plausible explanation for why Ms. Tomel's allegations in the second amended complaint include less factual detail. Pointing, Your Honors, to the district court's order dismissing the first amended complaint, I'm about to get that cite for you. I'm sorry, Your Honor. The district court noted explicitly that this is on page 44 of the excerpts of record. It's in the first volume. The district court noted that any cause of action raised in the original complaint is waived if it's not raised in an amended complaint. Ms. Tomel sufficiently stated a claim against Dr. Morrison in a first amended complaint. We cannot lose sight of the fact that Ms. Tomel is a pro se litigant. She does not have any legal training at all. So going to Your Honor's point, it's a plausible explanation for why she did not raise any details in her second amended complaint because she was taking the district court's order literally. The district court said that any claim that she raised in the original complaint could not be raised or incorporated by reference into a future amended complaint. However, she sufficiently stated that claim in a first amended complaint. The district court does not discuss that at all in its order dismissing the first amended complaint. However, even if this Court does find that Ms. Tomel had not sufficiently stated a claim for relief in the second amended complaint against Dr. Morrison, it's clear that Ms. Tomel had not waived that claim. She had realleged a claim against Dr. Morrison. At the very least, that warrants remand to the district court because the district court failed to consider it and Ms. Tomel should be granted leave to amend that because this Court has said that a pro se litigant should be provided with leave to amend unless it is absolutely clear that further amendment would be futile. In this case ---- In this case, it's pretty clear that further amendment wouldn't be futile because the district court has already held as to the first amended complaint that that stated a claim. I'm sorry. Did you say would or would not be futile? I think it would not be futile. Yes, Your Honor. The evidence is staring us in the face because the district judge said there was a claim stated in the first amended complaint. Yes, Your Honor. So if this Court finds in the second amended complaint that allegation does not pass muster under the liberal pro se pleading standards, then it should be remanded so she can have a chance to reallege that complaint. Okay. Now, if we agree with you, what exactly would be in play? This was weeded out at the screening stage, right? Yes, Your Honor. This was a screening order. So we would say, what, if we agree with you, that she has adequately pled a claim against Dr. Morrison and Officer Taka to at least survive screening? Yes. Anything else that would be on the table? Yes. We allege that the equal protection claim brought against Dr. Morrison as well as the free exercise claim, which Ms. Tomell raised for the first time in her second amended complaint. What claim is that? She has brought a free exercise claim against the WCCC that is appearing on page 106 of the excerpts of record. It's important to note, again, that this is another instance where the district court failed to even consider this claim when dismissing the second amended complaint. And as I was saying earlier, Your Honors, the district court failed to consider the retaliation claim against ACO Taka as well. And just to finish, Your Honors, my answer to Your Honors' question, we also maintain that Ms. Tomell sufficiently stated a claim for deliberate indifference against the WCCC medical department, and therefore, it should be remanded. So she should be able to serve those complaints on the defendants in those five claims. Who are the defendants there? In which claim, Your Honor? The one you just talked about. The medical department? Yes. They're unknown officials in the WCCC medical department. They're essentially unknown at this point. So it's unclear who they would be served upon in that case. However, this Court has recognized in Gillespie and Wakefield that that is not necessarily a bar at the pleading stage, but rather a litigant, particularly in this case, a prisoner who was locked up in her cell while she was filing these complaints with the court, should be entitled to at least proceed to discovery if, in order to uncover the identities of the unknown individuals who she is claiming acted with deliberate indifference to her medical needs. So I'm making a list here. We've got Dr. Morrison for deliberate indifference. We've got an equal protection claim against Dr. Morrison because of the veteran discrimination. Yes, Your Honor. We've got the denial of religious access. Yes, Your Honor. And we've got the unknown defendants in the health department of the facility. For deliberate indifference on that. And that's what in your construct would go forward. And Officer Taka for the retaliation. Retaliation with Officer Taka. Is that the total list? That's the issues that we are raising on appeal here and that we would be seeking remand to the district court for. I notice you're down to about three minutes and change. Did you want to keep going or do you want to reserve any time? I'd like to reserve some time after I briefly conclude, Your Honor. Okay. As we've discussed, Ms. Somel has sufficiently stated a claim for relief for each of these claims that she is asserting on appeal that Your Honor just noted. Because the district court erred in dismissing the pleadings for failure to state a claim at the screening stage of the PLRA, we respectfully request that this court vacate the district court's dismissal and remand so that Ms. Somel may proceed on those claims. Thank you. If I can reserve the rest of my time. You got it, Mr. Tully. Thank you. Good morning. Good morning. May it please the Court. John Prager, Deputy Attorney General of the State of Hawaii. I guess technically I'm for the State of Hawaii, but we're not a party. This Court has ordered that we participate in this case. And because no one was ever served, we were not made a party. I see my role this morning as basically defending the actions of the district judge in dismissing under screening orders of the PLRA. And if one reads those three screening orders, it's quite obvious that the judge was doing what she could to instruct the plaintiff on how to properly plead a case that can go forward. And she went about as far as she could without breaching the prescription about practicing law or giving legal advice. Why doesn't Ms. Somel state a claim of retaliation against Officer Taka? She does. She does. It was not addressed. I have to agree in that case that the order dismissing the Second Amendment complaint did not address that, and I think it does state a retaliation claim. It also states a free exercise claim against Officer Taka. However, against WCC, the Court had ruled at least twice that she could not bring a Section 1983 claim against WCC because it's a claim against the State, and, of course, the State cannot be a party to a 1983 claim. What do we do about Dr. Morrison? I beg your pardon? What do we do about Dr. Morrison? The medical claim against Dr. Morrison simply was not restated.  But nevertheless, the law is, as well stated in the King v. Atelier case, that not only does she get a liberal construction, but she must follow the procedural rules, and further, that case specifically states that a claim that is dismissed with leave to amend has to be restated, or it's lost. Yes, but what do we do with the fact that this is a pro se litigant who has concededly in the first amended complaint stated a claim with respect to this, and she doesn't recount all the detail the second time around, or maybe the third time around, I guess, in the second amended complaint? It seems sort of harsh and rule-bound more so than is appropriate on a pro se case to say, you know what, you had a claim and you lost it because you just didn't understand. Well, you know, I appreciate that, Your Honor. But what it looks like Mr. Mell is asking for is what the district judge gave to her, a right to amend. Counsel just asked that she be the case be remanded, giving her leave to amend her complaint. And that's what she was given and what she determined not to go forward with. But it just jumps out at you that if she's given a chance to amend the second amended complaint on the ground that the claim against Dr. Morrison is insufficiently I have to agree with that. I have to concede that. And further, I'm not exactly sure of the ground on which the district court denied the second amended complaint with respect to Morris, Dr. Morrison, because I'm now reading footnote 5 of the district court's order. The district court writes, in the first amended complaint, plaintiff alleged a denial of medical care claims against Dr. Morris, not the court determined stated a claim it could proceed. Plaintiff fails to reallege those claims in the second amended complaint, however. You know, it's possible that the district court simply missed it, just as the district court missed in the second amended complaint the retaliation claim. I mean, I don't see in the district court's order here in this footnote a statement, you know, if you'd had a little more detail, the detail that you had in the first amended complaint, it's been fine, as it is, you just kind of left out the crucial details, so you're gone. She says, the district court says, fails to reallege the claims. What the district court said in dismissing the first amended complaint, if I recall correctly, was that it specifically talked about the fact that Dr. Morrison is alleged not to have X-rayed a specific injury, and following up on that in the second amended complaint, it's just a general statement that he did not provide her adequate medical care. Yeah, okay. And I think the point is the district court took the admonition in Iqbal, I believe it was, to apply her own common sense and experience to the case. And that's what she did here. And that's a very ephemeral quality, perhaps, to try to pin down. But that's what the district judge was clearly doing in entering these screening orders and dismissing the complaint. I think the fact that she did again grant leave to amend indicates that Judge Kobayashi understood that there were some claims stated here and that she possibly could state claims that could go forward. But she hadn't done it. And that doesn't say – I'm sorry, Your Honor, I didn't intend to ask a question. Well, I want to go back to the free exercise claim. So your argument with respect to the free exercise claim is not that it doesn't state a claim if the proper defendant were named. It's just that the wrong defendant is named. Is that the argument? Well, that's part of it. I think she did name Officer Taka specifically. And I would say that that probably does state a free exercise claim. But the bulk of it is against the staff at the Women's Correctional Center. And, yes, that's a question of parties rather than a question of the factual statement of the claim. So if we can read this as naming Officer Taka or some individual officer, in your view, that does state a claim on free exercise? Yes. That was simply not addressed. I have no quarrel with that. Okay. I'm still kind of puzzled about what we're supposed to do about this screening order. If you candidly set forth at the beginning, you're not even in the case yet. You're here as a courtesy to us, which we appreciate. What should we do? What would be the bottom line of our decision? Does screening order reverse? I mean, what? Well, quite frankly, I don't have any good suggestions. She's asking to go back to what she had before, leave to amend and file a third amendment complaint. And I think that's what this Court is being asked to do. I mean, should we direct the district court to allow the second amendment complaint to proceed and require an answer? What do we do? I think that's what the law would state. She elected to stand on the second amended complaint by appealing the dismissal of that complaint. And that's what's before the Court. So she should be limited to that. Okay. Thank you very much, Mr. Kruger. Mr. Kohler? I'm out of time. No, you're not. May I just address one other point? And that's the question of the joinder of parties. I think counsel has correctly stated in the briefs that it's not normally grounds for dismissing a complaint. But, again, this was part and parcel of the screening order expecting an amended complaint at some point, and there was no question that at some point the plaintiff was going to have to deal with the improper joinder of parties. And with that, I think I've stated what I have to say. Thank you very much. Thank you. Mr. Tully or Ms. Matheson? Thank you, Your Honors. I would like to take, initially take the opportunity to just clarify again what we are asking for here. And it's we're contending that Ms. Tomell has stated cognizable claims at the pleading stage, and therefore we're seeking remand on these claims so that it can move beyond the screening stage and she may serve those on the defendants. However, in the alternative, again, this is a de novo review. If the court decides to use that and look at the claims and finds that she has not stated a claim, at least with respect to the ones that the district court had not even addressed in the second amended complaint, then we would be seeking remand and an opportunity for her to be given notice of the deficiencies and then an opportunity to amend those. And unless Your Honors have any other questions for me, we just respectfully request that you reverse the district court. Thank you, Your Honors. Thank you. Your case just argued as submitted. We want to thank you, Mr. Tully and Ms. Matheson, for taking this case on a pro bono basis. And I may say, Mr. Kruger, we really appreciate your candor and forthrightness in helping the case as well. The case just argued as submitted.
judges: Silverman, Fletcher, Bybee